UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **19-20726-CR-MARTINEZ/OTAZO-REYES**

18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)

FILED BY _____ D.C.
NOV 01 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

vs.

**LENNYS RANGEL,**

      **Defendant.**
_____/

## INFORMATION

The United States of America charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Petróleos de Venezuela S.A. ("PDVSA") was the state-owned and state-controlled oil company in Venezuela. PDVSA was responsible for the exploration, production, refining, transportation, and trade in energy resources in Venezuela and provided funding for other operations of the Venezuelan government.

2. PDVSA entered into various joint ventures with foreign oil companies to leverage the expertise of those oil companies (the "PDVSA Subsidiaries" or, individually, a "PDVSA Subsidiary"). PDVSA maintained a majority stake in, and largely controlled, the PDVSA Subsidiaries and that control extended to the procurement process.

3. Petrocedeño S.A. ("Petrocedeño") was a PDVSA Subsidiary that consisted of a combination of PDVSA and two European oil companies, with majority control belonging to

PDVSA. Petrocedeño had a significant operating budget and awarded several hundred million dollars in procurement contracts each year.

4. PDVSA and the PDVSA Subsidiaries, including Petrocedeño, were "instrumentalities" of the Venezuelan government as that term is used in the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Section 78dd-2(h)(2)(A).

5. Defendant **LENNYS RANGEL** was a Venezuelan citizen residing in Venezuela through at least December 2017. **RANGEL** held various positions at the PDVSA Subsidiaries, including as head of procurement for Petrocedeño. **RANGEL** was a "foreign official" as that term is used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(2).

6. Contractor 1, an individual whose identity is known to the United States, owned or controlled several companies, including Florida-registered companies, that supplied goods or services to PDVSA and PDVSA Subsidiaries. Contractor 1 was an officer, director, employee, and agent of a "domestic concern," and a stockholder acting on behalf of a "domestic concern," as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-2(h)(1).

## CONSPIRACY TO COMMIT MONEY LAUNDERING

Beginning in or around March 2015, and continuing through at least 2017, in the Southern District of Florida, and elsewhere, the defendant,

**LENNYS RANGEL,**

did knowingly and willfully, that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with others known and unknown to the United States, including Contractor 1, to commit offenses against the United States, namely:

a. to knowingly conduct a financial transaction, which involved the proceeds of specified unlawful activity, knowing the property involved in the financial transaction represented

2

the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

      b.     to knowingly transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

It is further alleged that the specified unlawful activity is the following: (a) bribery of a foreign official, a felony violation of the FCPA, Title 15, United States Code, Section 78dd-2, and (b) offenses against a foreign nation, specifically Venezuela, involving bribery of a public official, as provided by Title 18, United States Code, Section 1956(c)(7)(B)(iv).

## PURPOSE OF THE CONSPIRACY

1.     The purpose of the conspiracy was for **LENNYS RANGEL** and other co-conspirators (including Contractor 1) to engage in financial transactions that concealed, disguised, and promoted bribe payments made for the benefit of **RANGEL**, all in an effort by the co-conspirator contractors (including Contractor 1) to gain an illegal and improper advantage in obtaining and retaining procurement contracts with PDVSA and the PDVSA Subsidiaries.

.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **LENNYS RANGEL** and her co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following, while in the Southern District of Florida and elsewhere.

2. **LENNYS RANGEL** received instructions from senior PDVSA officials to assist and expedite the award of Petrocedeño contracts, which ultimately yielded benefits for those senior PDVSA officials and other Venezuelan officials and generals.

3. **LENNYS RANGEL** agreed to receive over five million dollars in bribes from co-conspirator contractors (including Contractor 1) in exchange for **RANGEL**'s assistance in obtaining an improper advantage in connection with the award of Petrocedeño procurement contracts.

4. **LENNYS RANGEL** and the co-conspirator contractors (including Contractor 1) agreed to conceal, and did in fact conceal, the nature, source, and ownership of the bribes paid to **RANGEL** by directing that they be made to bank accounts held in the name of **RANGEL**'s relatives and friends.

5. **LENNYS RANGEL** used proceeds of the bribes sent by co-conspirator contractors (including Contractor 1) for her own personal benefit, including the purchase of real estate in South Florida.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the purpose and objects thereof, **LENNYS RANGEL** and her co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

4

6.      In or around 2015, during a meeting in Venezuela at the home of a Venezuela contractor, **LENNYS RANGEL** received instructions from senior PDVSA officials to award procurement contracts with Petrocedeño to specific contractors.

7.      On or about March 24, 2016, Contractor 1 caused a wire transfer of $50,000 to be transferred from a bank account of a Florida-registered company to a bank account of another Florida-registered company for the benefit of **LENNYS RANGEL**.

8.      On or about September 1, 2016, a co-conspirator contractor, whose identity is known to the United States, caused a wire of $1,034,546 to be transferred from a bank account in South Florida to a bank account in Panama controlled by a relative of **LENNYS RANGEL** (the "Panama Account).

9.      On or about December 5, 2017, **LENNYS RANGEL** caused a wire transfer of approximately $75,500 to be made from the Panama Account to a bank account in Miami, Florida, for the purchase of an apartment in the Brickell area of Miami for the benefit of **RANGEL**.

All in violation of Title 18, United States Code, Section 371.

### FORFEITURE
(18 U.S.C. § 981(a)(1)(C))

1.      The allegations contained in the Information are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **LENNYS RANGEL**, has an interest.

2.      Upon conviction of a conspiracy to commit a violation of Title 18, United States Code, Section 1956(a), as alleged in this Information, the defendant, **LENNYS RANGEL**, shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.      The property subject to forfeiture includes, but is not limited to:

    a. A forfeiture money judgment in the amount of at least $5,000,000.00;

    a. Condominium Unit 2015 at 1001 S. Miami Avenue, Miami, Florida 33130;

    b. $134,955.50 in United States currency from Banesco Panama account #201801064092 in the name of Oil & Gas Supply Services S.A.;

    c. net proceeds from the sale of real property located in Caracas, Venezuela, more particularly described as:

> Parcela de terreno distinguida con el número cinco(05), que forma párate de la manzana diez(10) del plano general de la urbanización Altamira, y a la construcción sobre ella existente y hoy remodelada distinguida con con el número treinta y dos (32), antes conocida como quinta Cumana, ubicada en la avenida San Juan Bosco, Jurisdicción del municipio Chacao del estado Miranda. Código Catastral: 15-07-01-UO1-001-014-016-000-000-000;[1]

    d. net proceeds from the sale of real property located in Lecherias, Venezuela, more particularly described as:

> Parcela de terreno identificada con los números 3-717, del plano de la (antigua urbanizaci6n el Morro de Barcelona III Etapa) Municipio Bolivar, hoy ciudad de Lecherias, Municipio Urbaneja del Estado Anzoategui. Ubicada en la calle Terapaima, Urbanizaci6n el Morro, Tercera Etapa, Municipio Urbaneja, Estado Anzoategui. Código Catastral: 03-21-01-UR-06-14-03-00-00-00;[2] and

---

[1] English translation:

> Number five (05), which is part of block ten (10) of the general layout for the Altamirano Development, and the existing construction on it, now remodeled, identified as number thirty-two (32), previously known as Quinta Cumana, located on San Juan Bosco Avenue within the jurisdiction of the Chacao municipality in the state of Miranda, Real property identity number 15-07-01-UO1-001-014-016-000-000-000.

[2] English translation:

> Number 3-171, of the layout plans for the old development "Morro de Barcelona III Etapa" on Terapaima Street of the Urbanjea Municipality in the state of Anzoategui, Real property identity number 03-21-01-UR-06-14-03-00-00-00.

    4.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

By: _____
MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

ROBERT ZINK, CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By: _____
for JOHN-ALEX ROMANO
TRIAL ATTORNEY, FRAUD SECTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | **CERTIFICATE OF TRIAL ATTORNEY\*** |
| **LENNYS RANGEL,** | |
| **Defendant.** _____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

- X  Miami          \_\_\_\_ Key West
- \_\_\_ FTL            \_\_\_\_ WPB          \_\_\_\_ FTP

New Defendant(s)        Yes \_\_\_\_  No \_\_\_\_
Number of New Defendants \_\_\_\_
Total number of counts \_\_\_\_

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    Yes
   List language and/or dialect   Spanish

4. This case will take    0    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                        (Check only one)

   | I   | 0 to 5 days    | X   | Petty   |     |
   |-----|----------------|-----|---------|-----|
   | II  | 6 to 10 days   |     | Minor   |     |
   | III | 11 to 20 days  |     | Misdem. |     |
   | IV  | 21 to 60 days  |     | Felony  | X   |
   | V   | 61 days and over |   |         |     |

6. Has this case been previously filed in this District Court? (Yes or No)    No
   If yes:
   Judge:  Lenard                                    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)    No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the                                  District of _____

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    Yes \_\_\_\_  X  No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    Yes \_\_\_\_  X  No

_____
MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY
Court No. A5501557

\*Penalty Sheet(s) attached                                                                REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>LENNYS RANGEL</u>

**Case No**: _____

Count #: 1

<u>Conspiracy to Commit an Offense Against the United States</u>

<u>Title 18, United States Code, Section 371</u>

**\* Max. Penalty:** Five (5) Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**