UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20726-CR-JEM

UNITED STATES OF AMERICA

vs.

LENNYS RANGEL

      Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and the Fraud Section of the Criminal Division of the United States Department of Justice (collectively the "Offices") and Lennys Rangel (hereinafter "the defendant") enter into the following agreement:

1. The defendant understands that she has the right to have the evidence and charges against her presented to a federal grand jury for determination of whether or not there is probable cause to believe she committed the offense with which she is charged. Understanding the right, and after full and complete consultation with her counsel, the defendant agrees to waive her right to prosecution by Indictment, agrees to waive any challenges to the statute of limitations or venue, and agrees that the United States may proceed by way of an information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

2. The defendant agrees to plead guilty to the sole count of the Information charging the defendant with a violation of Title 18, United States Code, Section 371 (Conspiracy to Commit an Offense against the United States), specifically, conspiracy to violate 18 U.S.C. § 1956(a) (laundering of monetary instruments that are proceeds of specified unlawful activity, to wit, an

Court Exhibit #2

offense against a foreign nation involving bribery of a public official, or the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official and a felony violation of the Foreign Corrupt Practices Act ("FCPA"), 15 U.S.C. § 78dd-1 *et seq.*).

3. The defendant understands and acknowledges that, as to the sole count of the Information, the Court may impose a statutory maximum term of imprisonment of up to 5 years and a term of supervised release of up to 3 years. The defendant understands that the Court may impose a fine of up to $250,000, or twice the amount of the criminally derived property involved in the transactions, whichever is greater. The defendant also understands that a restitution order and an order of forfeiture may be imposed. The defendant also understands that a special assessment in the amount of $100 will be imposed and due at the time of sentencing.

4. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the advisory Sentencing Guidelines range. Knowing these facts,

the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 2 and that the defendant may not withdraw her guilty plea solely as a result of the sentence imposed.

5. The Offices reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon recommendation contained in this agreement, the Offices further reserve the right to make any recommendation as to the quality and quantity of punishment.

6. The Offices agree that they will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The Offices, however, will not be required to make this motion and these recommendations if the defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the

government prior to entering into this plea agreement; or (c) commits any misconduct after signing this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or (d) fails to fully assist in the forfeiture of assets as set forth in this plea agreement.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 4 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the guideline calculation in this case:

**Guideline Calculation**

- Base Offense Level: 8   U.S.S.G. § 2X1.1(a).

- Loss: +18. The relevant amount of actual, probable, or intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case is between $3,500,000 and $9,500,000.   U.S.S.G. § 2S1.1(a).

- Acceptance of Responsibility:   -2.   The defendant has clearly demonstrated acceptance of responsibility for his conduct.   3E1.1(a).

4

- Timely Notification: -1. The defendant has timely notified the Government of his intent to plead guilty. 3E1.1(b).

**Total Offense Level: 23.**

9. The defendant agrees that she shall cooperate fully with the Offices by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the Offices, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the Offices; and (c) if requested by the Offices, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. Any assistance the defendant may provide to the United States federal criminal investigators shall be pursuant to the specific instructions and control of these Offices and designated United States investigators. In addition, the defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she will not commit any further crimes.

10. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense to which she is pleading guilty, pursuant to Title 18, United States Code, Section 981(a)(1)(C). In addition, the defendant agrees to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p). The property subject to forfeiture includes, but is not limited to,

  a. a forfeiture money judgment in the sum of at least $5,000,000 in United States currency, which sum represents the value of the property subject to forfeiture;

  b. condominium Unit 2015 at 1001 S. Miami Avenue, Miami, Florida 33130;
  c. $134,955.50 in United States currency from Banesco Panama account #201801064092 in the name of Oil & Gas Supply Services S.A.;

d. net proceeds from the sale of real property located in Caracas, Venezuela, more particularly described as:

> Parcela de terreno distinguida con el número cinco(05), que forma párate de la manzana diez(10) del plano general de la urbanización Altamira, y a la construcción sobre ella existente y hoy remodelada distinguida con con el número treinta y dos (32), antes conocida como quinta Cumana, ubicada en la avenida San Juan Bosco, Jurisdicción del municipio Chacao del estado Miranda,
>
> Código Catastral: 15-07-01-UO 1-001-014-016-000-000-000;[1]

e. net proceeds from the sale of real property located in Lecherias, Venezuela, more particularly described as:

> Parcela de terreno identificada con los números 3-717, del plano de la (antigua urbanización el Morro de Barcelona III Etapa) Municipio Bolívar, hoy ciudad de Lecherias, Municipio Urbaneja del Estado Anzoategui. Ubicada en la calle Terapaima, Urbanización el Morro, Tercera Etapa, Municipio Urbaneja, Estado Anzoategui,
>
> Código Catastral: 03-21-01-UR-06-14-03-00-00-00;[2] and

f. net proceeds from the sale of pipe materials held by Rafael Salas Burgos.[3]

---

[1] English translation:

> Number five (05), which is part of block ten (10) of the general layout for the Altamirano Development, and the existing construction on it, now remodeled, identified as number thirty-two (32), previously known as Quinta Cumana, located on San Juan Bosco Avenue within the jurisdiction of the Chacao municipality in the state of Miranda,
> Real property identity number 15-07-01-U01-001-014-016-000-000-000.

[2] English translation:

> Number 3-171, of the layout plans for the old development "Morro de Barcelona III Etapa" on Terapaima Street of the Urbanjea Municipality in the state of Anzoategui,
> Real property identity number 03-21-01-UR-06-14-03-00-00-00.

[3] These materials are more particularly described as *TUBERIA DE REVESTIMIENTO, SIN COSTURA, NO RANURADA MATERIAL ACERO AL CARBONO, DIAMETRO EXTERNO 9-5/8 IN, PESO NOMINAL 43,50 LB/FT, DISEÑO DE LOS EXTREMOS ACOPLADO BUTTRESS, NORMA, GRADO Y TIPO API 5CT N80, RANGO 3*

6

11. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant also agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way any criminal, civil or administrative forfeiture proceedings concerning the forfeiture.

13. In furtherance of the identification of the collection of a forfeiture money judgment and/or restitution judgment, the defendant agrees to the following:

    a. within 14 calendar days of the signing of this Plea Agreement, she shall submit a completed Financial Disclosure Statement (form provided by the Offices).

    b. The defendant agrees that she will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset until the forfeiture judgment is paid in full without prior approval of the Offices. The defendant shall also identify any transfer of assets valued in excess of $5,000 since the date she became aware of the

    criminal investigation, including the identity of the asset, the value of the asset, the identity of any third party to who the asset was transferred, and the current location of the asset.

  c. The defendant agrees to cooperate fully in the investigation and the identification of assets subject to forfeiture. The defendant agrees that providing false or incomplete information about her financial assets, or hiding, selling, transferring, or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guidelines § 3E1.1.

14. The Offices reserve the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If, in the sole and unreviewable judgment of the Offices, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, the Offices may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires the Offices to file any such motions, and that the Offices' assessment of the quality and

significance of the defendant's cooperation shall be binding as it relates to the appropriateness of the Offices' filing or non-filing of a motion to reduce sentence.

15. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation. This plea resolves the defendant's federal criminal liability with regard to the Offices for conduct related to that described in the factual proffer except criminal tax liability (as to which the Offices do not have authority to make any agreement). The defendant understands that this agreement is binding only as to the Offices and only relating to conduct related to that described in the Factual Proffer.

16. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the Offices in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.

17. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant

acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

18. If, in the sole and unreviewable discretion of the Offices, the Offices determine that the defendant's presence is essential to the success of a federal investigation or prosecution and that the defendant has otherwise complied with the terms of this agreement, the Offices will recommend that the defendant and, if applicable, eligible family members be issued an S Visa classification. It being understood that the Offices have authority only to recommend, and that the final decision whether to seek such relief rests with the law enforcement agency ("LEA") submitting the application requesting an S visa for the defendant and, if applicable, eligible family members. The decision whether to submit such an application for consideration by the Department of Justice and the Department of Homeland Security will be in the sole discretion of the LEA, and may be submitted only if the LEA and the Offices determine that the defendant otherwise qualifies under 18 U.S.C. § 101(a)(15)(S) and 8 C.F.R. 214.2(t), including if the defendant's deportation would pose a significant threat to the defendant's safety. There is no guarantee that if an S visa application is submitted in the future for the defendant that she will be granted S nonimmigrant status, even if she may be statutorily eligible. The defendant understands and agrees, however, that nothing in this agreement requires the Offices to make any such recommendation, and that the Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of the Offices' recommendation.

19. These Offices and the defendant stipulate to and agree not to contest the facts in the Factual Proffer, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty in this case. The

10

defendant agrees that the facts in the Factual Proffer are true and correct to the best of the defendant's knowledge. Because the factual basis set forth in the Factual Proffer has the limited purpose of supporting the defendant's guilty plea to the charge discussed in paragraph 2, the factual basis set forth in the Factual Proffer does not purport to represent all facts and circumstances relating to the defendant's participation. Similarly, the factual basis in the Factual Proffer is not intended to identify all knowledge the defendant might have of the unlawful activity of other individuals.

20. In the event the defendant withdraws from this agreement prior to or after pleading guilty to the charge identified in paragraph 2 above, or should these Offices, in their sole discretion, determine that the defendant has failed to fully comply with any of the terms of this plea agreement, these Offices will be released from their obligations under this agreement, and the defendant agrees and understands that:

(a) the defendant thereby waives any protection afforded by any proffer letter agreement between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence;

(b) that any statements made by the defendant as part of the plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against her without any limitation in any civil or criminal proceeding brought by these Offices;

(c) the defendant's waiver of any defense based on the statute of limitations and venue, including the waiver set forth in this agreement, or any defense based on the passage of time in filing an Indictment or Superseding Information, referred to herein, shall remain in full force and effect;

(d) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the defendant or the defendant's representatives to any state or federal agency and/or these Offices; and

(e) the defendant has adopted the entire factual basis as the defendant's statements, and the defendant has stipulated to the admissibility of the Factual Proffer in any case brought by the United States.

21. This is the entire agreement and understanding between the Offices and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 8/10/20    By: _____
                 MICHAEL N. BERGER
                 ASSISTANT UNITED STATES ATTORNEY

ROBERT ZINK
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION

Date: 8/10/20    By: _____
                 JOHN-ALEX ROMANO
                 TRIAL ATTORNEY, FRAUD SECTION

Date: 9/18/19    By: _____
                 MICHAEL ENTIN
                 ATTORNEY FOR DEFENDANT

Date: 9/18/19    By: _____
                 LENNYS RANGEL
                 DEFENDANT

13