## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-CR-20726-MARTINEZ

**UNITED STATES OF AMERICA**

**v.**

**LENNYS RANGEL,**

      **Defendant.**

_____/

### <u>PRELIMINARY ORDER OF FORFEITURE</u>

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Lennys Rangel (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

1.    On November 1, 2019, the United States filed an Information charging the Defendant with a violation of 18 U.S.C. § 371 (Conspiracy to Commit an Offense against the United States), specifically, conspiracy to violate 18 U.S.C. § 1956(a). Information, ECF No. 3. The Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 371 as alleged in the Information, the Defendant shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C). *See id.* at pp. 5-7.

2.    On August 11, 2020, the Court accepted the Defendant's guilty plea to the sole count of the Information. *See* Minute Entry, ECF No. 21; Plea Agreement, ECF No. 23, ¶ 10. Specifically, among other provisions in the Plea Agreement, the Defendant specifically agreed to the entry of a personal forfeiture money judgment in the amount of $5,000,000.00, and the

forfeiture of property directly traceable to the offense to which she pleaded guilty. *Id.*

      3.    The following specific property is subject to forfeiture (collectively, the "Subject Property"):

      (1)    $121,873.64 from the deposit for the purchase of condominium Unit 2015 at 1001 S. Miami Avenue, Miami, FL 33130,[1]

      (2)    $134,955.50 in U.S. Currency from Banesco Panama account #201801064092 in the name of Oil & Gas Supply Services S.A;

      (3)    net proceeds from the sale of real property located in Caracas, Venezuela ("Venezuela Property 1") once it is sold, more particularly described as:

      Parcela de terreno distinguida con el número cinco (05), que forma párate de la manzana diez (10) del plano general de la urbanización Altamira, y a la construcción sobre ella existente y hoy remodelada distinguida con el numero treinta y dos (32), antes conocida como quinta Cumana, ubicada en la avenida San Juan Bosco, Jurisdicción del municipio Chacao del estado Miranda, Código Catastral: 15-07-01-UO1-001-014-016-000-000-000[2];

      (4)    net proceeds from the sale of real property located in Lecherias, Venezuela ("Venezuela Property 2") once it is sold, more particularly described as:

      Parcela de terreno identificada con los números 3-717, del plano de la (antigua urbanización el Morro de Barcelona III Etapa) Municipio Bolivar, hoy ciudad de Lecherias, Municipio Urbaneja del Estado Anzoategui. Ubicada en la calle

---

[1] Defendant's daughter Carla Parra Rangel entered into a pre-construction agreement and gave a deposit of $158,545.00 for condominium located at 1001 S. Miami Avenue, Unit 2015, Miami, FL. She has since abandoned the agreement and was refunded $121,873.64. *See* Presentence Investigation Report, ECF No. 26, ¶ 84.

[2] English translation:

      Parcel of terrain identified by/marked with the number five (05), part of block ten (10) of the general plans of the subdivision Altamira, and it has a building that has been recently remodeled identified by/marked with the number thirty-two (32), previously known as Quinta Cumana, located on San Juan Bosco Avenue within the jurisdiction of the Chacao municipality in the state of Miranda, Real property identity number 15-07-01-UO1-001-014-016-000-000-000.

Terapaima, Urbanización el Morro, Tercera Etapa, Municipio Urbaneja, Estado Anzoategui. Código Catastral: 03-21-01-UR-06-14-03-00-00-00[3]; and

(5)  net proceeds from the sale of pipe materials held by Rafael Salas Burgos once they are sold.[4]

4.  In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 22. The Factual Proffer also provided a basis for the forfeiture of property. *Id.*

5.  As set forth in the Factual Proffer, Defendant received bribe and/or kickback payments in connection with the award of contracts. Factual proffer at p. 2. In exchange for these payments, Defendant took measures to secure an improper advantage for these contractors, such as expediting the award of the contracts and providing the contractors with information that would ensure they won the contracts. *Id.* From 2015 to 2017, contractors made millions of dollars in payments for the benefit of Defendant and another senior official connected to Defendant, including from accounts in the name of companies registered under the laws of the State of Florida. *Id.*

6.  Defendant agreed that the Subject Property was subject to forfeiture as proceeds traceable to the conspiracy to which she pleaded guilty, and that the amount of proceeds she

---

[3] English translation:

Lot/parcel identified by/marked with the numbers 3-717, of the plans of the old subdivision of Morro de Barcelona III Etapa. Municipality of Bolivar, today city of Lecherias, municipality Urbaneja of the state of Anzoategui. Located on Terapaima Street, subdivision El Morro, third etapa, municipality Uraneja, state of Anzoategui. Real property identity number 03-21-01-UR-06-14-03-00-00-00.

[4] These materials are more particularly described as: *TUBERIA DE REVESTIMIENTO, SIN COSTURA, NO RANURADA MATERIAL ACERO AL CARBONO, DIAMETRO EXTERNO 9-5/8 IN, PESO NOMINAL 43,50 LB/FT, DISEÑO DE LOS EXTREMOS ACOPLADO BUTTRESS, NORMA, GRADO Y TIPO API 5CT N80, RANGO 3*

received in connection with this offense was $5,000,000.00. Plea Agreement, ¶ 10.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.     Pursuant to 18 U.S.C. § 981(a)(1)(C) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $5,000,000.00 is hereby entered against the Defendant.

2.     Pursuant to 18 U.S.C. § 981(a)(1)(C), the following specific property is hereby forfeited and vested in the United States of America:

(1)     $121,873.64 from the deposit for the purchase of condominium Unit 2015 at 1001 S. Miami Avenue, Miami, FL 33130;

(2)     $134,955.50 in U.S. Currency from Banesco Panama account #201801064092 in the name of Oil & Gas Supply Services S.A;

(3)     net proceeds from the sale of Venezuela Property 1;

(4)     net proceeds from the sale of Venezuela Property 2; and

(5)     net proceeds from the sale of pipe materials held by Rafael Salas Burgos.

3.     Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4.     The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

5.     The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

7.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this 24 day of March 2021.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE